UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES SPARANO

v.                                                                  CASE NO.  3:19 CV 681 (VAB)

JLO AUTOMOTIVE d/b/a EXECUTIVE KIA         SEPTEMBER 24, 2020

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant JLO Automotive d/b/a Executive Kia ("Defendant") hereby moves for summary judgment on the claims asserted in Plaintiff's Complaint.  Defendant respectfully requests the Court to grant its motion because Plaintiff's claims are without merit, and no genuine issues of material fact exist that preclude the Court from granting Defendant's motion.

This case involves Plaintiff's purchase of a vehicle from Defendant. As set forth in more detail in the accompanying Memorandum of Law, Local Rule 56(a)(1) Statement of Undisputed Material Facts, and Affidavit of John Gogliettino IV in Support of Defendant's Motion for Summary Judgment, summary judgment must enter in favor of Defendant for the following reasons:

1. There is no genuine issue of material fact that the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., disclosures that Plaintiff received from Defendant in connection with his purchase of the vehicle were both timely and accurate. This is evidenced by the undisputed time-stamped documents containing his signature, which Plaintiff also authenticated at his deposition.

2. There is no genuine issue of material fact that a voluntary change in a payment plan does not require new TILA disclosures. Thus, Plaintiff's claim

that Defendant violated TILA by not providing additional disclosures after Plaintiff decided to pay his car loan weekly, instead of monthly, must fail.

3. There is no genuine issue of material fact that Plaintiff's agreement to make automatic payments by means of preauthorized electronic fund transfers had no bearing on whether he would receive financing. In his claim that Defendant violated the Electronic Funds Transfer Act (EFTA), Plaintiff ignores the multiple undisputed documents which he signed which clearly state that this arrangement was purely optional, and not a condition of credit.

4. There is no genuine issue of material fact that the income disclosures Plaintiff provided to Defendant in connection with the transaction were 100% accurate. The relevant evidence and Plaintiff's own deposition testimony readily dispense of Plaintiff's claim that Defendant violated the Credit Repair Organization Act (CROA), as it shows that Defendant did not inflate Plaintiff's income in order to sell the contract to a third-party finance company.

These are the uncontested facts, and nothing can save Plaintiff's case from summary judgment entering in favor of Defendant. Therefore, Defendant respectfully requests that the Court grant its motion and order such other and further relief as the Court deems fair and equitable.

                    THE DEFENDANT,
                    JLO AUTOMOTIVE d/b/a EXECUTIVE KIA

By:    /s/ Joshua A. Hawks-Ladds
        Joshua A. Hawks-Ladds - ct09446
        Johanna S. Katz – ct29907
        Pullman & Comley, LLC
        90 State House Square
        Hartford, CT  06103-3702
        Telephone 860 424 4300
        Facsimile 860 424 4370
        Its Attorneys

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                           /s/ Joshua A. Hawks-Ladds
                                           Joshua A. Hawks-Ladds - ct09446