UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES SPARANO,
    *Plaintiff*,

v.

JLO AUTOMOTIVE, INC.,
*doing business as* EXECUTIVE KIA,
    *Defendant.*

No. 3:19-cv-00681 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

James Sparano ("Plaintiff") has sued JLO Automotive, Inc., doing business as Executive Kia ("JLO Automotive" or "Defendant") for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Electronic Funds Transfer Act, 15 U.S.C. § 1693k, and the Credit Repair Organization Act,[1] 15 U.S.C. § 1679 *et seq.*, as well as for state law breach of contract claims. *See* Compl., ECF No. 1 (May 6, 2019) ("Compl.").

On September 22, 2020, Mr. Sparano moved for partial summary judgment on the alleged Truth in Lending Act violations. *See* Pl.'s Mot. for Partial Summ. J., ECF No. 56 (Sept. 22, 2020); Mem. in Supp. of Partial Summ. J., ECF No. 56-1 (Sept. 22, 2020) ("Pl. Mot. Summ. J.").

In response, JLO Automotive moved for summary judgment on all claims. Def.'s Mot. for Summ. J., ECF No. 57 (Sept. 24, 2020); Def.'s Mem. of Law in Supp. of Mot. for Summ. J., ECF No. 58 (Sept. 24, 2020) ("Def. Mot. Summ. J.").

---

[1] Plaintiff admits that "discovery showed that [D]efendant did not inflate [ ] [P]laintiff's income[,]" and, accordingly, has withdrawn his claim under the Credit Repair Organization Act. *See* Pl. Opp'n to Def.'s Summ. J. Mot. at 2, ECF No. 61 (Oct. 14, 2020). Accordingly, this claim has been dismissed. *See* Order, ECF No. 65 (Sept. 30, 2021).

1

After considering the briefs and arguments presented by both parties, the Court denied Mr. Sparano's motion for summary judgment, and granted in part and denied in part JLO Automotive's motion for summary judgment. *See* Ruling and Order, ECF No. 64 (Sept. 30, 2021) ("Order"). JLO Automotive now moves for reconsideration of the Court's decision to deny summary judgment on the alleged TILA violation and breach of contract claim.[2] *See* Mot. for Reconsideration, ECF No. 68 (Oct. 7, 2021) ("Mot. for Reconsideration").

For the reasons outlined below, the motion for reconsideration is **DENIED**.

I.   **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order

---

[2] On October 12, 2021, Mr. Sparano filed a response to the Motion for Reconsideration. *See* Pl.'s Resp. to Def.'s Mot. for Reconsideration, ECF No. 69 (Oct. 12, 2021). JLO Automotive filed a reply in further support of its motion for reconsideration on October 15, 2021. *See* Def.'s Reply in Supp. of its Mot. for Reconsideration, ECF No. 70 (Oct. 15, 2021).

constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

## II. DISCUSSION

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

JLO Automotive argues that reconsideration is warranted because the Court overlooked undisputed evidence, which, in its view, should result in the granting of summary judgment to Defendant on all claims. *See* Mot. for Reconsideration at 2–8. In other words, JLO Automotive disputes the Court's determination that a genuine issue of material fact exists as to the timeliness of the initial monthly disclosures. *Id.* at 2.

In support of its argument, JLO Automotive points to the timeline outlined in Plaintiff's Local Rule 56(a)(1) Statement of Material Facts, which states the following:

> 7.  On November 5, 2018, **at 5:37 p.m.,** defendant printed out an unsigned "review copy" of a proposed monthly-payment retail installment contract for the used 2010 Hyundai Elantra. Ex. 3.
>
> 8.  On Nov 5, 2018, **at 5:42**, defendant obtained plaintiff's electronic signature authorizing a credit pull. Ex. 4
>
> 9.  On Nov 5, 2018, **at 5:43:15**, defendant obtained plaintiff's signature on a Credit Acceptance Disclosure form, acknowledging that the dealer would be assigning the retail installment contract to Credit Acceptance. Ex. 5. 10. On Nov 5, 2018, at 5:43:23, the dealer obtained plaintiff's signature on a Consent and Authorization form. Ex. 6.
>
> 8 [*sic*]. On November 5, 2018, **at 5:44 p.m.**, defendant obtained plaintiff's electronic signature agreeing to make weekly payments,

3

>    to be taken from plaintiff's debit card at $67.36 per week. Ex. 7.
>
>    9 [*sic*]. The weekly payment authorization was an integral part of the financing documents assigned to the finance company, Credit Acceptance Corporation. Ex. 7.

Pl.'s Local Rule 56(a)(1) Statement ¶¶ 7-11, ECF No. 56-2 (Sept. 22, 2020) ("Pl. SMF").

Based on this evidence, Mr. Sparano's written attestation that he received the disclosures, and the time stamp on the signed retail installment contract, JLO Automotive argues that there is no dispute that Plaintiff received the necessary disclosures. *See* Mot. for Reconsideration at 4; *see also* Ex. C to Aff. of John Gogliettino IV at 3, ECF No. 58-1 (Sept. 24, 2020) ("ESign Decl."); Ex. H to Aff. of John Gogliettino IV, ECF No. 58-1 (Sept. 24, 2020) ("Retail Installment Contract"). JLO Automotive further argues that the Court's prior ruling and order, in part in reliance on this evidence, "expressly rejected Plaintiff's claim that he had not had the opportunity to review the paper disclosures," *see* Mot. for Reconsideration at 4, and, on these grounds, JLO Automotive contends that it is entitled to summary judgment on the TILA and breach of contract claims, *see id.* at 2–8.

The Court disagrees.

While JLO Automotive argues that the Court "expressly rejected Plaintiff's claim that he had not had the opportunity to review the paper disclosures" in its prior order, *see* Mot. for Reconsideration at 4, this is not the case. In its Ruling and Order, the Court did not reject this claim by Mr. Sparano, but rather identified that a genuine issue of material fact exists regarding the timeliness of the disclosures, as there is conflicting evidence as to whether Mr. Sparano actually received the disclosures before signing the relevant documents. *See* Order at 13–14. That conflicting evidence includes Mr. Sparano's statements in his affidavit and his deposition, *see* Ex. 1 to Pl. Mot. Summ. J. ¶¶ 4, 7–8, ECF No. 42-3 (Mar. 12, 2020) ("Sparano Aff."); Ex. B

4

to Def. Mot. Summ. J. at 38:15-16; 41:18-19; 43:2-9, ECF No. 58-2 (Sept. 24, 2020) ("Sparano Dep."), which contradict his written attestation that he was "given the opportunity" to review a paper version of the retail installment contract before electronically signing documents, *see* ESign Decl.; *see also* Sparano Dep., at 40:10-25, 41:1-10 (acknowledging signature). As noted in Defendant's motion for reconsideration, it is precisely this discrepancy that precludes summary judgment, for both JLO Automotive and Mr. Sparano, on the alleged TILA violation.

The evidence highlighted by JLO Automotive in its motion for reconsideration, including the timeline in Plaintiff's Local Rule 56(a)(1) Statement and the time stamp on the retail installment contract, does not alter this conclusion. As implicitly acknowledged in Defendant's motion, the timeline and time stamp do not conclusively resolve the key factual dispute at issue in this case: whether, after the disclosures were printed out, *see* Pl.'s Local Rule 56(a)(1) Statement ¶ 7, Mr. Sparano actually received them before he signed the relevant documents, including the retail installment contract, *see* Retail Installment Contract. There is evidence in Mr. Sparano's affidavit and deposition to suggest that he did not. *See Sparano Aff.* ¶¶ 4, 7–8; *Sparano Dep.* at 38:15-16; 41:18-19; 43:2-9. At the summary judgment stage, the Court cannot resolve this factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] ruling on a motion for summary judgment[.]").

Meanwhile, JLO Automotive has failed to provide this Court with any authority to suggest that the contradictory evidence in Mr. Sparano's affidavit and deposition, which was provided under oath, cannot be considered because it falls outside the four corners of the retail installment contract. Mr. Sparano, too, has failed to provide briefing on any contrary perspective.

5

As stated in its prior Ruling and Order, the Court declines to resolve this issue of law in the absence of briefing by either party. *See* Order at 14–15 (citing *Melillo v. Brais*, No. 3:17-CV-520 (VAB), 2019 WL 1118091, at *6 (D. Conn. Mar. 11, 2019)).

Accordingly, the motion for reconsideration will be denied.

### III. CONCLUSION

For the foregoing reasons, the motion for reconsideration by JLO Automotive is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of October, 2021.

                                                    /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge

As stated in its prior Ruling and Order, the Court declines to resolve this issue of law in the absence of briefing by either party. *See* Order at 14–15 (citing *Melillo v. Brais*, No. 3:17-CV-520 (VAB), 2019 WL 1118091, at *6 (D. Conn. Mar. 11, 2019)).

Accordingly, the motion for reconsideration will be denied.

### III. CONCLUSION

For the foregoing reasons, the motion for reconsideration by JLO Automotive is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of October, 2021.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge