UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES SPARANO

v.  CASE NO.  3:19 CV 681 (VAB)

JLO AUTOMOTIVE d/b/a EXECUTIVE KIA     NOVEMBER 19, 2021

**Memorandum of Law in Support of Defendant's
Motion In Limine Re: Parole Evidence Rule**

Defendant JLO Automotive d/b/a Executive Kia respectfully submits this memorandum of law in support of its motion *in limine* to preclude Plaintiff, James Sparano, from offering any parol evidence or testimony to attempt to explain or contradict the terms of the signed writings between the parties.

### A.   Legal Standard

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." Highland Cap. Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (internal citation omitted). A court should exclude evidence on motions *in limine* if the evidence is "clearly inadmissible on all potential grounds." Levinson v. Westport Nat'l Bank, No. 09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal citations omitted).

**B.     Legal Analysis**

**1.     The Parol Evidence Rule**

"The parol evidence rule generally prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements to explain the meaning of a contract that the parties have reduced to an unambiguous integrated writing. Such extrinsic evidence may not be used to modify, explain, vary or supplement the written integrated contract." Gualandi v. Adams, 385 F.3d 236, 241 (2d Cir. 2004) (citing 11 Richard A. Lord, Williston on Contracts § 33:1 (4th ed.1999)). Parol evidence "is inadmissible to alter or add a provision to a written agreement." Clayton Servs. LLC v. Sun W. Mortg. Co., Inc., No. 3:17-CV-00172 (KAD), 2021 WL 2376619, at *8 (D. Conn. June 10, 2021) (internal citations omitted).

The parol evidence rule is a rule of substantive law, rather than a rule of evidence. Connecticut Savings Bank v. Central Builders, 4 Conn. App. 332, 333, cert. denied, 197 Conn. 805 (1985). Unlike a rule of evidence, the parol evidence rule excludes the consideration of documents or testimony, not because they lack probative value, but because of the fundamental legal tenet that written agreements are not to be overturned. It has been said that the rule has received such wide recognition that it can be considered to be of "universal acceptance." 4 W. Jaeger, Williston on Contracts §631 at 956 (3d ed. 1961). See generally Cruzan v. Director, Missouri Dep't of Health, 497 U.S. 261, 284 (1990) (noting that "most, if not all, States simply forbid oral testimony entirely in determining the wishes of parties in transactions . . . .").

## 2. The Parol Evidence Rule Applies to Retail Installment Contracts.

The majority of courts across the United States hold that the parol evidence rule prohibits the introduction of oral testimony to contradict the express, unambiguous terms of a written contract in connection with a claim under TILA. See, e.g., Anthony v. Cmty. Loan and Inv. Corp., 559 F.2d 1363, 1369–70 (5th Cir. 1977) (where disclosure regarding insurance was adequate to satisfy TILA, plaintiff's assertion that she never requested insurance and signed the documents only because she was told to do so was "insufficient to vary the terms of the contract or to negate the creditor's full compliance with the disclosure requirements of Regulation Z"); Nieskens v. Peter, 2010 WL 1626902, at *3 (D. Minn. April 21, 2010) (holding that TILA does not permit rescission based on theory that oral statements of broker subverted plain language of disclosures); Citibank v. Dalessio, 756 F. Supp. 2d 1361, 1367 (M.D. Fla. 2010) (holding that mortgagor was not entitled to a TILA affirmative defense where mortgagor relied on oral misrepresentations that contradicted the express terms of loan documents); Ford v. Am. Home Mortg. Corp., No. 2:10-CV-53, 2012 WL 2120724, at *3 (E.D. Tenn. May 21, 2012) ("Fatal to plaintiffs' claim ... is that TILA applies to written disclosures and does not provide relief based solely on oral representations.").

The District of Connecticut is no different. See Munoz v. JLO Auto., Inc., No. 3:19-CV-01793 (MPS), 2020 WL 4432946, at *4 (D. Conn. July 31, 2020), order vacated in part on reconsideration on other grounds, No. 3:19-CV-01793 (MPS), 2020 WL 6607789 (D. Conn. Nov. 12, 2020); Farrell v. Rd. Ready Used Cars, Inc., No. 3:17-CV-2030 (JCH),

2018 WL 1936143, at *4 (D. Conn. Apr. 24, 2018) ("the court concludes that the merger clause merely implemented the parol evidence rule for the Retail Installment Contract").[1]

Indeed, in the recent decision Munoz v. JLO Auto., Inc., in connection with a lawsuit against the same defendant as in the present case, the plaintiff asserted that the salesperson's oral statement that GAP insurance was required to obtain credit via the "low income" program negated the written disclosure. The Court rejected this argument and denied the plaintiff's motion for default judgment on her TILA claim, reasoning that the plaintiff cited "no authority suggesting that compliance with the written disclosure requirements of TILA [was] insufficient to forestall TILA liability when the defendant makes an oral statement contradicting the written TILA disclosures." Munoz, 2020 WL 6607789 at *4. To that end, the Court cited decisional law applying the parol evidence rule, specifically found that the retail installment contract was a fully integrated contract, and thus held "that it would be inconsistent with TILA's emphasis on written disclosures to promote the 'informed use of credit' to allow a consumer to ignore the clear, conspicuous written terms of a disclosure by proceeding with a claim based solely on oral statements that contradict the disclosure." Id.

Although, as noted by this Court in its decision on summary judgment; see Doc. 64, p. 14; the court in Sterling v. Farran & Ezedine, LLC, No. 3:10-CV-1119 WWE, 2011 WL 219697, at *3 (D. Conn. Jan. 20, 2011) did *not* apply the parol evidence rule—and instead considered the allegations set forth in the plaintiff's affidavit establishing "that she was not provided with a copy of the contract prior to the consummation of the vehicle"—

---

[1] Plaintiff should be aware that the parole evidence rule applies to retail installment contracts because his counsel was also plaintiff's counsel in Farrell v. Rd. Ready Used Cars, Inc.

`                                                4

that case is distinguishable because the defendant there never appeared and the decision was thus in connection with a default judgment. There was, accordingly, never any argument as to whether the parol evidence rule should or should not apply. Moreover, the Sterling decision is from 2011. This Court should follow the more recent decisions of Farrell and Munoz from 2018 and 2020, as well as the decisions from other courts across the country, which have applied the parol evidence rule.

### 3. The Parol Evidence Rule Applies to the Present Case

The facts of the present case warrant the application of the parol evidence rule. Plaintiff should be precluded from offering any testimony in an effort to modify or contradict the plain and unambiguous terms of the parties' signed writings. Indeed, Plaintiff signed a document which, in crystal-clear terms, states, "You should have received a printed copy of the Retail Installment Contract from the Dealer prior to being presented with this e-Sign Consent. If You did not receive a copy, request one now and review it before proceeding." (Doc. 58-1, p. 16). Further in that same document, Plaintiff was required to "Consent" or "Not Consent" to four different acknowledgements. As relevant here, Plaintiff "Consented" to the acknowledgement stating: "You have been given the opportunity to review a paper version of the Retail Installment Contract You are being asked to sign prior to using the Signature Service to electronically sign the Documents." (Doc. 58-1, p. 17).

In case that was not clear enough, Exhibit C, a separate document titled the "Declaration Acknowledging Electronic Signature Process" clearly states, "I was given the opportunity to review a paper version of the retail installment contract I was being asked to sign prior to using electronic signatures to electronically sign the documents." (Doc. 58-

`                                                             5

1, p. 19). Plaintiff should not be permitted to present parol evidence "to alter or add a provision to [these] written agreement[s]." See Clayton Servs. LLC v. Sun W. Mortg. Co., Inc., No. 3:17-CV-00172 (KAD), 2021 WL 2376619, at *8 (D. Conn. June 10, 2021) (internal citations omitted).

Indeed, there is no reason why a literate plaintiff, who presents no evidence of fraud or duress, who signed a document stating that he "should have received a printed copy of the Retail Installment Contract from the Dealer" (Doc. 58-1, p. 16), and was "given the opportunity to review a paper version of the Retail Installment Contract" (Doc. 58-1, p. 17, 19), should be permitted to subsequently complain that he did not, in fact, receive the printed copy of the retail installment contract and did not have the opportunity to review a paper version of the retail installment contract.

In a similar situation, the Fifth Circuit stated:

> Although plaintiff asserts that she never requested or desired insurance coverage, but merely signed the documents when told to do so, this assertion is insufficient to vary the terms of the [written] contract or to negate the creditor's full compliance with the disclosure requirements of Regulation Z. The defendant correctly contends that, absent a claim of illiteracy, fraud or duress, no extraneous oral evidence can be presented by the plaintiff to prove that the defendant gave her the impression that the insurance was required. . . . Consumers should not be encouraged to avoid reading or to ignore the information the Act requires to be provided.

Anthony v. Community Loan & Investment Corp., 559 F.2d 1363, 1369–70 (5th Cir.1977).

This Court should join the Anthony Court, the Munoz Court, and the many courts across the country in applying the parol evidence rule—which prohibits the introduction of prior or contemporaneous evidence to contradict the express terms of an agreement— to bar the introduction of evidence or testimony, as Plaintiff here seeks to submit, in support of his contention that he did not receive or have the opportunity to review a paper

version of the retail installment contract before he was asked to use electronic signatures to electronically sign documents.

**WHEREFORE,** on the reasoning set forth above, Defendant respectfully requests that its motion *in limine* be granted, precluding Plaintiff, James Sparano, from offering any parol evidence or testimony to attempt to explain or contradict the terms of the signed writings between the parties.

                    THE DEFENDANT,
                    JLO AUTOMOTIVE d/b/a EXECUTIVE KIA

By:   /s/ Johanna S. Katz
        Joshua A. Hawks-Ladds - ct09446
        Johanna S. Katz – ct29907
        Pullman & Comley, LLC
        90 State House Square
        Hartford, CT  06103-3702
        Telephone  860 424 4300
        Facsimile 860 424 4370
        Its Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Johanna S. Katz
                                                Johanna S. Katz

ACTIVE/80746.1/JKATZ/9911230v2